PATENT TITLE CO. v. STRATTON.

(Circuit Court, D. Colorado. June 9, 1899.)

1. SALES—FRAUDULENT REPRESENTATIONS—PLEADING.

To render representations made by a seller to the purchaser fraudulent, so as to avoid the sale, they must have been made with knowledge that they were untrue, or under circumstances from which the seller should have had such knowledge, and which necessarily impeach his good faith; and a pleading alleging the fraud as a defense to an action for the price is insufficient unless it alleges such knowledge or circumstances in such manner that issue may be taken thereon.

2. SAME—ACTION BY ASSIGNEE.

In an action by the assignee of a contract of sale to recover the price, allegations in the answer that the seller, in making the sale, acted as agent for the plaintiff; that he made representations and statements which were false, and which were known to be false by plaintiff when he took the assignment of the contract,—do not state a defense, as they fail to show that either plaintiff or the seller knew the falsity of the representations at the time they were made.

On Demurrer to Answer.

For former opinion, see 89 Fed. 174.

Thomas A. Banning, Orlando H. Manning, and Carpenter & McBird, for plaintiff.

J. W. Ady, Wolcott & Vaile, and C. W. Waterman, for defendant.

MARSHALL, District Judge. The action is brought to recover $100,000 from the defendant on his promise to pay that sum to Orrin B. Peck for certain shares of the capital stock of the Peck Colorado Company, sold by Peck to him. The plaintiff claims as the assignee of O. H. Manning, to whom Peck assigned the contract of the defendant. The defendant has pleaded four separate defenses to the complaint, and the plaintiff has interposed a general demurrer to the second, third, and fourth defenses. On the argument, however, the demurrer to the fourth defense was abandoned, and must be overruled.

The nature of the second and third defenses is stated in the brief submitted by the defendant on the argument of the demurrer, as follows:

"The second defense of the defendant's amended answer alleges fraud and misrepresentation in the procurement of the contract sued upon and set out in totidem verbis in plaintiff's complaint. * * * The third defense alleges failure of consideration by which the contract alleged in plaintiff's complaint was supported."

In the second defense the defendant sets up various representations made by Peck to him, and which, it is alleged, were made fraudulently, and for the purpose of inducing the defendant to make the contract sued on. And it is further alleged that in procuring this contract and in making the representations stated Peck acted as the agent of the plaintiff company, but it is not stated in that defense that at the time Peck made the representations in question, or at the time the contract was made, Peck knew the representations so made by him were false, or did not believe them to be true, or made them recklessly, without any knowledge on the subject, or made them under circumstances in which he ought to have known, if he did not know, that they were false. In pleading fraud it was essential that the defendant should have alleged the knowledge of the falsity of the representations in such a way that issue might be taken upon it. He could not rely on an inference flowing from the character of the representations made, unless, indeed, the inference was an absolutely necessary one. The averment in the defense that the representations were made fraudulently adds nothing to the pleading. It is but a conclusion of law, supported, if at all, by the special facts pleaded, and is not admitted by the demurrer. Fogg v. Blair, 139 U. S. 118, 11 Sup. Ct. 476. In defendant's brief filed on the argument it is claimed that this defense alleges "that the plaintiff herein and Orlando H. Manning had at all times full knowledge of said representations and statements of said Peck to this defendant, and had then and there full knowledge of the falsity of said representations," and, if such an averment was found in the defense, it would remove the objection noted; for if, as alleged, Peck was acting simply as the agent of the plaintiff, and if his representations were made under circumstances making them plaintiff's representations, then, even if Peck made them innocently, but they were in fact false, the plaintiff's knowledge at the time of the making of the contract that they were false—the other ingredients of actionable fraud appearing—would be sufficient to furnish the defendant a defense to this action. But the only allegation in the defense on this subject, and evidently the one from which the defendant draws this conclusion, is as follows:

"Defendant further alleges that the said Orlando H. Manning and the plaintiff herein, the Patent Title Company, had, and each of them had, prior to accepting any assignment of said instrument of March 7, 1896, full knowledge of said representations and statements, and had then and there full knowledge of the falsity of said statements, and they, and each of them, accepted the instrument and transfer of said instrument of March 7, 1896, with full knowledge of the fraud, misrepresentations, and deceit hereinbefore set forth."

This comes far short of saying that the plaintiff had this knowledge at the time of the execution of the contract. If Peck was at that time acting as plaintiff's agent, as in the defense alleged, the plaintiff's rights under the contract are to be determined with reference to this question by what it then knew or should have known, and the fact that prior to accepting any subsequent assignment from Peck it had acquired other knowledge would not affect its right. If, upon the other hand, Peck was not then acting as agent of the plaintiff, and the plaintiff gained no rights under the contract until the making of the assignment in question, then the defendant must show that Peck's right was vitiated by fraud; for, otherwise, he could transfer it, and give a good title, even to one having notice of the falsity of his representations. The defense in question lacks an essential element of a plea of fraud in the making of the contract sued on, and the demurrer must therefore be sustained to it.

With respect to the third defense, the facts set up in it, and as showing a failure of the consideration of the contract, are the same, in substance, with those set up in the third defense in the case of Peck Colorado Co. v. Stratton, 95 Fed. 741. As those facts have been stated somewhat at length in the opinion in that case, it is unnecessary to repeat them. For the reasons stated in that opinion, the demurrer must be sustained to this defense.